IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOOLJIAN BROTHERS PACKING CO., INC., <br><br> Plaintiff, <br> vs. <br> LORRAINE M. TILSON, et al., <br><br> Defendants. | 1:08cv042 AWI DLB <br><br> FINDINGS AND RECOMMENDATION RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT <br><br> (Document 20) |

On June 30, 2008, Plaintiff Chooljian Brothers Packing Co., Inc., ("Plaintiff") filed the present motion for default judgment against Defendant Lorraine M. Tilson, individually and in her capacity as sole officer and director of corporate Defendants The Cranberry Lady Products, Inc., and Tilsonberry Farms, Ltd., both British Columbia corporations ("Defendant"). The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on August 8, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kurt Vote appeared on behalf of Plaintiff. Defendants did not appear.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the complaint, in the summer of 2005, Defendant approached Plaintiff and inquired as to whether it would pack and ship her dried cranberry products.  Plaintiff had not previously packed or shipped cranberries, but Defendant convinced Plaintiff that it would be beneficial for both parties.  Although Plaintiff informed Defendant that it would need to make substantial capital modifications to its facility and acquire new machines to meet the demands of packing and shipping cranberries, Defendant promised a long-term relationship that would ultimately mean millions of dollars in revenue for Plaintiff.  After extended negotiations, in or about September 2005, the parties reached an oral agreement in which Defendant would supply cranberry products either from her companies (the Corporate Defendants) or by other farms, and Plaintiff could pack and ship the products throughout the United States.  The oral agreement was reached at Plaintiff's plant in Sanger, California.  Complaint, ¶ 12.

In reliance on the agreement, Plaintiff made substantial capital modifications to its plant and entered into multi-year leases for the necessary equipment to pack and ship Defendant's products. The cost of the improvements alone were approximately $450,000.  Complaint, ¶ 13.

Defendant retained a graphic artist in Fresno to design the packaging and Plaintiff incorporated the design and copyrighted artwork into packaging for Defendant's products.  Plaintiff also performed a trial run for Defendant, and she expressed her satisfaction with the outcome of the final packaged product and promised to start sending product to pack and ship.  Complaint, ¶ 14.

Based on Defendant's assurances, Plaintiff ordered custom packaging as requested by Defendant, incurring more than $105,000 in costs.  From September 2006 to October 2007, Defendant sent Plaintiff e-mails in which she acknowledged the balance due for packaging and promised to make payment and commence deliveries of raw product for packing and shipping. Complaint, ¶ 15.  In October 2007, Defendant ceased to offer assurances and thereafter, Plaintiff was unable to contact her as the telephone line was disconnected and her website was down.  Plaintiff alleges that the date of breach was October 2007, as her false promises continued through that date. Complaint, ¶ 16.

Plaintiff states claims for breach of contract and an account stated. It seeks to recover damages, which it estimates exceeds $750,000, and the amount owing for packing supplies as well as pre- and post-judgment interest and costs.

On April 2, 2008, Plaintiff filed a proof of service with the Court, indicating that Defendant was personally served on March 1, 2008, at "3814 Mallard Place, Nanoose Bay, British Columbia, Canada."

On June 5, 2008, pursuant to Plaintiff's request, the Clerk entered default.

Plaintiff filed the instant motion for default judgment on June 30, 2008. Plaintiff seeks a sum certain of $553,911.04, costs in the amount of $560, and post-judgment interest at the rate of 2.15 percent per annum.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

3

**DISCUSSION**

Pursuant to the Proof of Service filed with the Court on April 10, 2008, Defendant was served on March 6, 2008.

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of Thomas P. Riley, ¶ 3.

The clerk entered default on April 11, 2008.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment on the claims set forth therein.

Turning to the issue of damages, the Court questioned Plaintiff at the hearing as to whether the equipment retained any current value.  On September 5, 2008, Plaintiff submitted the Supplemental Declaration of Sandra Chooljian in response to the Court's inquiry.  Based on the Court's review of the briefing and exhibits in support thereof, the Court finds that Plaintiff is entitled to recover (1) $105,660.43, the amount due and owing on the invoice for customized packing supplies; (2) $373,250.61 for the machinery and improvements, which represents $75,000.00 less than the requested amount to account for the retained value of the improvements; and (3) $560.00 in costs.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendant, and RECOMMENDS that damages in the total amount of $479,471.04 be awarded.  This amount is subject to post-judgment interest at the rate of 2.15 percent per annum.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

   IT IS SO ORDERED.

**Dated:**   **September 15, 2008**              /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE