IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOOLJIAN BROTHERS PACKING COMPANY, INC., a California corporation,<br><br>                   Plaintiff,<br>    v.<br><br>LORRAINE M. TILSON, individually and d/b/a The Cranberry Lady, The Cranberry Lady Products USA, Inc., Tilsonberry Farms, Ltd., and The Cranberry Lady Products Canada, Inc., et. al.,<br><br>                   Defendants. | 1:08-cv-42 AWI DLB<br><br>ORDER VACATING JANUARY 20, 2009 HEARING DATE AND ORDER DENYING MOTION FOR ASSIGNMENT ORDER |

      Plaintiff's motion for an assignment order is pending in this action and set for hearing on Tuesday, January 20, 2009. Defendants have filed no opposition. The court has reviewed the moving papers and has determined that this matter is suitable for decision without oral argument. Local Rule 78-230(h). The Court will vacate the January 20, 2009, hearing and instead issue the following order.

      On October 28, 2008, this Court adopted findings and recommendations and ordered that a default judgment be entered in favor of Plaintiff. See Court's Docket Doc. No. 30. The amount of the default judgment was $479,471.04, and the post-judgment interest was set at a rate

of 2.15%. See id. The Clerk entered judgment the same day. See Court's Docket Doc. No. 31. On December 1, 2008, Plaintiff filed this motion for an assignment order. The motion indicates that no sums have been paid on the judgment to date. Plaintiff has identified two registered trademarks that are held by Defendants and that have not been assigned to any other person. See Vote Declaration at ¶ 7. Plaintiff seeks an order which "assigns all right, title, and interest in said marks to [Plaintiff] so that [Plaintiff] may lawfully use the packaging it was caused to produce, and collect payments on the marks until the full amount of its judgment against [Defendants] is satisfied." Plaintiff requests that the Court issue an assignment order pursuant to California Code of Civil Procedure ("CCCP") § 708.510, as made applicable through Federal Rule of Civil Procedure 69(a).

A federal district court has the authority to enforce its money judgments in accordance with the practice and procedure of the state in which it sits. Fed. R. Civ. Pro. 69(a); Paul Revere Ins. Group v. United States, 500 F.3d 957, 960 (9th Cir. 2007). An assignment order under C.C.C.P. § 708.510 "is a court order assigning to the judgment creditor . . . the debtor's right to payments due from a third person." Rutter Group, California Practice Guide – Enforcing Judgments and Debts § 6.1422.5 (2008) (hereinafter "Rutter Group"). CCCP § 708.510 reads in relevant part:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of *a right to payment* due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments: (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order. (2) Rents. (3) Commissions. (4) Royalties. (5) Payments due from a patent or copyright. (6) Insurance policy loan value.

C.C.C.P. § 708.510(a) (emphasis added). This section also provides that "notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail." C.C.C.P. § 708.510(b).

In light of the above, the Court cannot grant Plaintiff's motion. First, Plaintiff does not indicate that Defendants have been served either personally or by mail with notice of the motion

2

for assignment.  See C.C.C.P. § 708.510(b); Rutter Group at § 6:1439.  Plaintiff filed no certificate of service and a review of the Court's ECF system does not indicate that the motion for assignment was sent to Defendants.

Second, by its plain terms, C.C.C.P. § 708.510 deals with the assignment of rights to payment.  See C.C.C. P. § 708.510(a); Rutter Group §§ 6.1422, 6.1422.5.  Plaintiff appears to request any payments due from/on the trademarks.  This part of the requested relief may be appropriate under C.C.C.P. § 708.510(a).  However, Plaintiff also is attempting to gain title to the trademarks so that Plaintiff itself may utilize them.  Plaintiff cites no case law that interprets C.C.C.P. § 708.510, nor any authority for the proposition that C.C.C.P. § 708.510 allows the Court to assign something other than the Defendants' right to *payments* due from third parties for use of the trademarks.  Because Plaintiff has not shown that Defendants received notice, and because Plaintiff has not shown that C.C.C.P. § 708.510 encompasses the relief requested, the Court will deny the motion.

Accordingly, IT IS HEREBY ORDERED that the January 20, 2009, hearing is VACATED and that Plaintiff's motion for order of assignment is DENIED.

IT IS SO ORDERED.

**Dated:   January 14, 2009**          /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE

3